[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiffs, who own a condominium in the defendant Georgetown Village, allege that the defendant has failed to allocate to them a second parking space, in violation of the contractual obligations created by the condominium Declaration.
The following facts give rise to this action. In September, 1987, the plaintiffs purchased Unit 328 at the Georgetown Village Condominiums. They did not purchase a garage, although garages are included in the purchase price, as limited common elements, of some units. As a condition of the Town of Glastonbury Town Council approval of Georgetown Village, the defendant was required to provide an overall parking capacity calculated at two cars per unit. The defendant has adhered to the Council's requirement by providing the required number of parking spaces in different areas throughout the complex.
In 1988, numbers corresponding to condominium units were placed on the open parking spaces in the parking areas in front of each of the units. These spaces were designated at the rate of one per unit. The plaintiffs, like all other owners, were provided one designated parking space. As a result of this designation those unit owners who also purchased a garage had two parking spaces. Others, like the plaintiffs, who do not own a garage, have only one designated parking space. It is this difference amongst owners that forms the basis of this action. The plaintiffs assert that all unit owners should have an equal number of parking spaces, namely, two. CT Page 11744
The plaintiffs argument rests on their interpretation of the Declaration and accompanying exhibits. In short, the plaintiffs claim the following. § 1.14 of the Declaration states that a Parking Space means a parking space or garage shown on the survey. Exhibit D of the Declaration states that "certain units designated on Exhibit C have garages as appurtenant limited common elements. . . . Additional parking areas shall be available for general use by unit owners and visitors subject to such limitations as may be set forth in the rules and regulations, and subject to the right of the declarant, prior to the expiration of the development . . . to allocate individual Parking Spaces to individual units as limited common elements so long as each unit restricted to residential use has an equal number of Parking Spaces allocated to it." (Emphasis supplied)
An "allocation" of a parking space as a limited common element can occur only by amendment to the Declaration. The parties agree that there has been no amendment to the Declaration. Accordingly, the plaintiffs' claim that there has been an "allocation" of parking spaces as limited common elements within the meaning of the Declaration is not supported by the evidence. Since there has been no allocation, the plaintiffs cannot prevail on their claim that they are entitled to "an equal number of Parking Spaces" in the event of such allocation, as set forth in Exhibit D. Further, there is nothing in either § 3.1 of the Declaration or Exhibit D which suggests that the defendant is required to allocate outside parking spaces. It is true, as plaintiffs argue, that if such an allocation were to occur, all unit owners must receive an equal number of spaces. However, in the absence of such an allocation in accordance with the provisions of the Declaration, the plaintiffs are not entitled to two designated spaces. Because the defendant's "assignment" of designated outside parking spaces at the rate of one per unit was made pursuant to the Association's statutory authority, no allocation, as that term is used in the Declaration, occurred.
Accordingly, judgment shall enter for the defendants on all counts.
SO ORDERED.
Robert L. Holzberg, J. CT Page 11745